*J. B. White, for appellant.*

*Riddle & Fluty, for appellee.*

---

SOL. S. SIZEMORE *v.* H. S. THOMAS.

**Appeals and Errors—Failure to Supersede Judgment—Involuntary Payment—Recovery at Reversal.**

> The appellant was not bound to supersede the judgment, and the payment thereof cannot be regarded as voluntary on his part because an execution had already issued from the quarterly court and his property had been actually seized before the dissolution of his injunction.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

October 10, 1872.

OPINION BY JUDGE LINDSAY:

The payment of the Quarterly Court judgment can not be regarded as voluntary on the part of appellee. There was a judgment against him, upon which both the Quarterly and Circuit Courts had held an execution might lawfully issue.

He was not bound, and possibly may not have been able to supersede the judgment of the Circuit Court dissolving his injunction and dismissing his petition. It was not necessary that he should, for the reason that an execution had already been issued and his property actually seized. It being apparent that appellant intended to resort to all his legal remedies to enforce the collection of the Quarterly Court judgment. Appellee's payment was made under constraint and by reason of appellant's legal advantage at the time, and as the court in effect compelled him to pay a debt he did not owe, they can not and ought not, now that they have corrected their error, refuse to assist him in recovering back the money that was improperly extorted from him by reason of such error. If such a rule was established, the right to appeal to this court would be utterly worth-

less to those who could not supersede the judgments of inferior tribunals.

The settlement between appellee and his brother does not affect his claim against appellants.

Judgment *affirmed.*

*Sizemore, for appellant.*

*Vance, for appellee.*